**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Viral DRM, LLC,

          Plaintiff,          Case No:

  v.                         DEMAND FOR JURY TRIAL

Newsmax Media, Inc.,

          Defendant.
_____/

**COMPLAINT**

Plaintiff Viral DRM, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Newsmax Media, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates videos and owns the rights to these videos which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account on Facebook named as @NEWSMAX (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5. Viral DRM, LLC is an Alabama limited liability company and maintains its principal place of business in Talladega County, Alabama.

6. On information and belief, defendant Newsmax Media, Inc., is a Florida

1

Corporation with a principal place of business at 750 Park of Commerce Drive Suite 100, Boca Raton, FL in Palm Beach County, Florida.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Newsmax Media, Inc. because it maintains its principal place of business in Florida.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Newsmax Media, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional videographer by trade who is the legal and rightful owner of videos which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's Videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff's own protectable copyright interests.

14. Newsmax Media, Inc. is the registered owner of the Account and is responsible for its content.

15. Newsmax Media, Inc. is the operator of the Account and is responsible for its

2

content.

16. The Account is a popular and lucrative commercial enterprise.

17. The Account is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

18. On March 21, 2022, Plaintiff authored a video of a tornado hitting a red pickup truck (the "*Video*"). A copy of a single frame from the Video for reference purposes is attached hereto as Exhibit 1.

19. Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

20. Plaintiff applied to the USCO to register the Video on April 22, 2022 under Application No. 1-11334314411.

21. The Video was registered by USCO on April 22, 2022 under Registration No. PA 2-354-516.

22. On April 18, 2022 Plaintiff first observed the Video on the Account in a post dated March 27, 2022. A copy of screengrab of Account including a still frame from the Video for reference is attached hereto as Exhibit 2.

23. The Video was displayed at URL: https://www.facebook.com/newsmax/videos/1013882606209924/.

24. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Video as is set forth in Exhibit "1" on the Account.

25. On information and belief, the Video was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

26. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

27. The Infringement is a zoomed in copy of Plaintiff's original video that was directly copied and stored by Defendant on the Account.

28. On information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video.

29. On information and belief, the Video was willfully and volitionally posted to the Account by Defendant.

30. On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

31. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

32. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

33. On information and belief, Defendant monitors the content on its Account.

34. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

35. On information and belief, the Infringement increased traffic to the Account and,

in turn, caused Defendant to realize an increase its revenue generated through paid advertisements.

36. On information and belief, a large number of people have viewed the unlawful copies of the Video on the Account.

37. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

38. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

39. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

40. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

41. The Video is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

42. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

43. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

44. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

45. Plaintiff is informed and believes and thereon alleges that the Defendant willfully

infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing articles on the Account.

46. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

47. As a result of the Defendant' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

48. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

49. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in the Video by copying and displaying without a license or consent;

b.  for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.  for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.  for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.  for pre judgment interest as permitted by law; and

f.  for any other relief the Court deems just and proper.

DATED: February 16, 2023

**SANDERS LAW GROUP**

By:  */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
Fla. Bar No. 985686
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126068

*Attorneys for Plaintiff*